## Whittaker, et al. v. Stewart, et al.

(Decided June 2, 1925.)

### Appeal from Letcher Circuit Court.

1. **Appeal and Error—Objections to Striking of Answer Cannot be First Made on Appeal, where Not Objected or Excepted to Below.** —Where there is neither objection nor exception to order striking answer for want of verification, objection cannot be made for first time on appeal.

2. **Partition—Judgment Confirming Division Not Disturbed where Proof Conflicting and Doubtful whether Another Division would be Any More Satisfactory.**—Where division of land was very difficult, and though some minor inequalities resulted, commissioners all stated that division was fair and equal, and proof was conflicting, and it was very doubtful if another division would be any more satisfactory, held that judgment confirming division would not be disturbed.

3. **Partition—Defendants Not Setting up Claim to an Acre of Ground, and Permitting Division to be Made of Whole Tract, Including such Acre Cannot Complain Thereof.**—Where an acre of ground was conveyed defendants by deed prior to one under which division was made, but was not set apart to them in such division, they cannot complain, where they did not file an answer setting up their claim to such acre, and allowed division to be made of whole tract.

DAVID HAYS and RYLAND C. MUSICK for appellants.

R. MONROE FIELDS and D. D. DIELDS & DAY for appellees.

Opinion of the Court by Commissioner Hobson—
Affirming.

Moses Whittaker died a resident of Letcher county, leaving surviving him a widow, Anna Whittaker, and eight children, also a step-son, Jeff Ison, a child of Anna Whittaker before her marriage to him. On July 3, 1919, six of the children brought this action against the mother and the other two children of their father, alleging that he was the owner of three tracts of land named in the petition and praying that dower be alloted to Anna Whittaker and the remainder of the land divided between the eight children. Anna Whittaker and her two sons, George Whittaker and Elijah Whittaker, who were joined with her as defendants to the action, filed an answer in which, among other things, they controverted the allegations of the petition that Moses Whittaker owned the land at his death. No further orders were made in the case until February 5, 1920, when the plaintiffs filed an amended petition alleging that by a deed executed by Anna Whitaker on August 12, 1919, she had conveyed to the eight children of Moses Whittaker a part of the land and by another deed had conveyed the remainder of it to them and Jeff Ison, Anna Whittaker reserving the right to live upon this tract and to use and control the same during her lifetime. On April 28, 1920, Anna Whittaker and George Whittaker withdrew the answer they had filed and the petition was taken as confessed as against them. Elijah Whittaker did not withdraw the answer so far as he was concerned, but he failed to verify it and it was stricken from the record without objection or exception and the case being submitted for judgment it was adjudged by the court that the land be divided between the parties as prayed in the petition and commissioners were appointed for this purpose. On August 15, 1922, the commissioners filed their report of division. Exceptions were filed to the report by George Whittaker and Jeff Ison, proof was taken and on final hearing the circuit court confirmed the report and entered judgment accordingly. George Whittaker, Jeff Ison and Elijah Whittaker appeal.

George Ison was the father of Anna Whittaker. He owned a large body of land, which he divided among his children. On March 1, 1875, he conveyed the land in con-

troversy to Moses Whittaker, by deed containing these words following the description of the land:

"The same embracing the amount of land I intend for Anna Whittaker, wife of Moses Whittaker, as her dower of land, that I intend that she shall have of landed estate."

It is unnecessary to determine now what interest Anna took in this land, for by her deeds executed August 9, 1919, she conveyed the land to the children, and she does not appeal from the judgment. So no question of her rights is presented.

Elijah Whittaker complains that his answer was stricken out for want of verification, but there being neither objection nor exception to this order the objection cannot be made for the first time in this court. He did not file any exception to the commissioners' report.

Jeff Ison filed exceptions charging, among other things, that his mother was by reason of age and infirmity incompetent to make a conveyance when the deeds referred to were executed and that they were obtained by undue influence. But he offered no evidence to sustain this and there is no substantial evidence that the division as to him is unequal.

George Whittaker filed exceptions on the ground that the division was unfair and unequal and he introduced much proof showing that his sister, Mrs. Caudill, received in the division land worth $1,500.00 more than the land he received. But it appears from the proof that by a mistake of the commissioners Mrs. Black, another sister, did not receive as much land as the commissioners thought they were allotting to her and by agreement between the two sisters Mrs. Caudill paid Mrs. Black $600.00, the amount fixed by the commissioners for the deficiency. So this would reduce the excess to Mrs. Caudill to $900.00. There is also some proof in the record that the different heirs proposed to make a like settlement with George Whittaker, but that he refused to accept it and the proposition fell through. It is not clear from all the evidence that any definite amount was fixed, as George Whittaker insisted on setting the division aside.

On the other hand, the commissioners all testify that the division was fair and equal and that no injustice was done George Whittaker. No question is made by any of

the other children. The division of the land was a very difficult proposition. There were nine hundred acres of it. It lay on both sides of the river. Much of it was hill land. Some had coal on it and some had not and the comparative value of the coal land would depend upon the quality of the coal and its location as well as its quantity. The cost of making the division was nearly $500.00. The proof is conflicting and it is very doubtful if another division would be any more satisfactory. This court gives considerable weight to the finding of the circuit judge in cases of this sort and on the whole case we conclude that the judgment should not be disturbed on the facts.

On April 12, 1919, Anna Whittaker conveyed to George Whittaker and Elijah Whittaker about one acre of ground, which was embraced in the deed she subsequently executed on August 9, 1919, to all the children. This acre of ground was not set apart to George and Elijah Whittaker in the division, but they cannot complain of this for they did not file an answer setting up their claim to this acre of ground and allowed the division to be made of the whole tract under the last deed. The acre of ground is not of great value and the mistake is due to their not pleading their ownership of this ground as they should have done before the judgment was entered for the division of the land.

It also appears that the commissioners did not allot to George Whittaker about one acre of ground which was embraced in the land on which he settled and which under the deed as well as the order of division was to be allotted to him. But this acre of ground was of no great value. It had no special value to him and when he got other land in place of this acre he was not substantially prejudiced.

On the whole case neither of appellants has any substantial grounds for complaint.

Judgment affirmed.